## UNITED STATES v. SWIERZBENSKI et al.

(District Court, W. D. New York. March 28, 1927.)

**1. Common law ⚖️11—There is no common law of United States.**

There is no common law of the United States.

**2. Courts ⚖️359—On assertion of common-law right, federal courts will look to laws of state.**

When a common-law right is asserted the federal courts will look to the laws of the state.

**3. Husband and wife ⚖️108—Defense of marital coercion is abrogated in New York (Penal Law N. Y. § 1092).**

In New York, the defense of marital coercion is abrogated by Penal Law N. Y. (Consol. Laws, c. 40), § 1092.

**4. Husband and wife ⚖️107—Wife is liable for voluntary violation of federal statute.**

A wife is not immune for individual violation of a federal statute committed voluntarily or without coercion or compulsion on the part of her husband.

**5. Witnesses ⚖️52(1, 2)—Rule excluding testimony of husband or wife for or against each other in federal courts is not based on English common law.**

The rule of the federal courts forbidding a husband or wife to testify for or against each other in a criminal case is not based on the English common law but on the fact that the rule was in force in the several states when the first Judiciary Act was enacted on September 24, 1789 (1 Stat. 73).

Criminal prosecution by the United States against Benny Swierzbenski and Mary Swi-

erzbenski. Verdict of conviction against Mary Swierzbenski, and she moves in arrest of judgment. Denied.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for defendant Mary Swierzbenski.

HAZEL, District Judge. There is no doubt that, under the English common law and the common law of various of the states, where husband and wife are jointly prosecuted for a misdemeanor, the husband acquitted at the trial, and the wife convicted, the latter is entitled to have the conviction set aside on the theory that she acted under coercion, threat, or command of her husband. The adjudications to which my attention is drawn, relating to the guilt of the husband, and not the wife, in violation of liquor laws, where it was proved that the offense was jointly committed, arose, in the main, under state prohibitory statutes, or wherein the state common law rule was applied.

[1, 2] There is, however, no common law of the United States, the common law of England never having been made a part of our system by legislative adoption, and in the early case of Wheaton v. Peters, 8 Pet. 591, 8 L. Ed. 1055, the Supreme Court of the United States said that, when a common-law right is asserted, the federal courts will look to the laws of the state in which the controversy originated.

[3, 4] In the instant case, concededly the business was conducted jointly by husband and wife, the latter alone being in the barroom when the sale of an intoxicating beverage was made by her, and it is doubtful whether, under such circumstances, the doctrine of coercion or threat by the husband would be apposite. U. S. v. Terry (D. C.) 42 F. 317. In this state the defense of marital coercion for violation of the criminal laws has been abrogated by section 1092 of the Penal Law of New York; but, regardless of this abrogation, the National Prohibition Act (Comp. St. § 10138¼ et seq.) is a statutory enactment, and, as there is no common law prevailing in the United States (U. S. v. Hinson [D. C.] 3 F.[2d] 200; U. S. v. DeQuilfeldt [C. C.] 5 F. 276), the wife is not immune from individual violations voluntarily committed, or from violations committed without coercion or implied compulsion on the part of her husband.

[5] Counsel for defendant, in support of his

contention that the common law is applied in federal practice and procedure, points to the rule forbidding a husband or wife to testify for or against each other in a criminal case, maintaining that this rule is an adherence to the English common law. The incompetency of such testimony, however, is based upon its inadmissibility when the first Judiciary Act (1 Stat. 73) was enacted by Congress in 1789 the disability then being in force in the respective states, and not upon the English common law. U. S. v. Reid, 12 How. 361, 13 L. Ed. 1023. Compare modification in part. Rosen v. U. S., 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406; and see Rose's Federal Jurisprudence and Practice, page 126; and, for example, the extension of the common-law rule by Congress of violations by participants in crime, section 332 of the Penal Code (Comp. St. § 10506).

Although the various states of the Union, in the main, if not entirely, have modified their common-law rule of incompetency relating to husband and wife testifying for or against each other in a criminal case, Congress has made no change in this relation. Jin Fuey Moy v. U. S., 254 U. S. 195, 41 S. Ct. 98, 65 L. Ed. 214. The modification made by the Rosen Case, removing the bar of a person previously convicted of a felony from testifying in a criminal trial, has not specifically removed the bar on husband and wife testifying for each other.

The motion for arrest of judgment is denied.