## GULF STATES UTILITIES CO. v. GRUBBS.

### No. 2170.

Court of Civil Appeals of Texas. Beaumont.
Jan. 7, 1932.

Rehearing Denied Jan. 13, 1932.

Ewell Strong, Jr., and Orgain, Carroll & Bell, all of Beaumont, for appellant.

O. R. Sholars, of Orange, for appellee.

WALKER, J.

This suit was filed in justice court, precinct No. 1, Orange county, by appellee against appellant, for damages, on allegations that appellant, while repairing the water pipes in appellee's house, negligently left open the water faucets and flooded appellee's premises with water. In justice court judgment was for appellant, but upon appeal to county court, on trial to a jury, judgment was rendered in favor of appellee for $125.58. The following points were regularly assigned:

The issue of negligence was submitted by question No. 1, as follows: "Do you find from the preponderance of the evidence that the Defendant was negligent in turning on the water on Plaintiffs' premises?"

Appellee pleaded negligence as follows:

"(a) Appellant's failure to close the faucets in appellee's house before turning the water into appellee's pipes;

"(b) In turning the water on in appellee's house without the knowledge of the appellee;

"(c) In turning on the water in appellee's house without investigating to see if the faucets in the house were open."

This charge was error, as against appellant's objections that the issues of negligence should have been submitted as pleaded. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882; City of Fort Worth v. Ware (Tex. Civ. App.) 1 S.W.(2d) 464; St. Louis, Southwestern Ry. Co. of Texas v. Anderson & Hileman (Tex. Civ. App.) 17 S.W.(2d) 473, and cases cited in the above opinions.

In tort actions, proximate cause is generally an affirmative issue to be pleaded and proven by the plaintiff, and he can have judgment only upon a verdict thereon in his favor. In this case proximate cause was an issue of fact. At least appellee does not contend to the contrary. The trial court, over appellant's objections, refused to submit the issue of proximate cause. This omission constituted reversible error. Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708. It was not necessary that appellant submit to the court for submission to the jury a formal question on the issue of proximate cause. The mere exception preserved the point.

The court gave the definition of negligence which the trial court gave in Railway Co. v. Hannig, 91 Tex. 347, 43 S. W. 508. In that case the Supreme Court condemned this definition. For the reasons stated by the Supreme Court in its opinion in that case, the definition of negligence submitted in this case was error.

Issue No. 24 was as follows:

"Gentlemen of The Jury: Do you find from a preponderance of the evidence that plaintiff's injuries and damages, if any, were not caused by a new and independent cause?

"Answer Yes or No as you find the facts to be."

To this issue the jury answered "No." Appellant makes two contentions under the jury's answer to this issue: First, it was an affirmative finding that appellee's injuries were the result of a new independent cause; second, it was an affirmative finding that appellee had not met the burden of proof that his injuries were the result of the negligence charged. We think the argument of the court in Texas Interurban Co. v. Hughes (Tex. Civ. App.) 34 S.W.(2d) 1103, denies appellant's first objection, but fully sustains the second objection; that is, that appellee had not fully discharged the burden of showing that his damages were the result of the negligence charged, in that he failed to show that his

damages were not the result of a new independent cause.

■■ Issue No. 25 was as follows:

"Gentlemen of The Jury: Do you find from a preponderance of the evidence that plaintiff's injuries and damages, if any, were not the result of an unavoidable accident?

"Answer Yes or No, as you find the facts to be."

To this question the jury answered "No." Where unavoidable accident is an issue, the burden is upon the plaintiff to show, by the preponderance of the evidence, that his damages did not result from the unavoidable accident. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521. Under the jury's answer to this question, appellee failed to discharge the burden imposed upon him by the Hillebrandt Case. The Hughes Case, cited above, is directly in point in support of this proposition. This case is also authority for the proposition that the answer to question No. 5 is in conflict with the answer to question No. 1.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.