## HILL v. LESCHBER.

### No. 9913.

Court of Civil Appeals of Texas. Austin.

Nov. 1, 1950.

Rehearing Denied Nov. 22, 1950.

Grimes & Owen, of Taylor, by E. M. Grimes, Taylor, for appellant.

W. R. Stump, of Georgetown, for appellee.

HUGHES, Justice.

Carl Leschber, appellee, sued C. F. Hill and Arnel Bielss to recover $296.42, alleged to be the unpaid purchase price of 8,300 pounds of corn which he sold and delivered to Hill and Bielss.

Hill, alone, answered. He filed several defensive pleas but did not plead that he had paid for the corn.

Trial was before a jury. Appellee moved for judgment against both defendants upon the jury's verdict. This motion was granted. Hill, only, has appealed and the record does not contain a statement of facts.

Appellant seeks a reversal and rendition because, as he says, "Appellee having failed, as shown by the jury's answer to Special Issue Number 2, to show that he had not been paid by Bielss for the corn, the court erred" in not rendering judgment in his behalf.

Special Issue No. 2 and the jury's answer thereto read: "Do you find from a preponderance of the evidence that defendant Bielss has not paid plaintiff for the corn he purchased from plaintiff? Answer 'He has not paid plaintiff' or 'He has paid plaintiff.' We the jury answer, 'No.' "

Appellant concedes that there was no duty on appellee to either plead or prove non-payment but he contends that since appellee assumed this burden, without objection, he cannot now complain.

It is no doubt true that appellee cannot, under these circumstances, now complain of the form of Special Issue No. 2.

Nevertheless, in our opinion, the judgment below must be affirmed for the reasons now to be stated.

The plain meaning of the jury's answer to Special Issue No. 2 is that the jury failed to find from a preponderance of the evidence that Bielss had not paid for the corn. This was not the equivalent of a finding that Bielss did pay for the corn. It merely shows that there was no evidence or insufficient evidence of defendant's failure to pay. See 41 Tex.Jur., p. 1218, Sec. 354, and cases there cited.

This finding of the jury as to the lack or insufficiency of the evidence to show non-payment is of no benefit to appellant. Proof of non-payment is unnecessary. 32 Tex.Jur., p. 710. The finding of the jury in this regard is of no consequence and was properly disregarded by the trial court. 41 Tex.Jur., p. 1235, § 368, and many cases there cited.

We are further of the opinion that the verdict of the jury, construed as a whole, finds that neither appellant nor Bielss paid for the corn.

The jury found that the corn was sold to Bielss as agent for Hill and that the same was to be a cash transaction. It further found that Bielss delivered the corn to Hill and that Hill then knew or should have known that the purchase price was to be paid by Bielss in cash. In answer to Special Issue No. 8 the jury found "that at the time defendant Bielss delivered the corn to defendant Hill that defendant Hill knew or by reasonable diligence should have known that defendant Bielss had not paid for said corn." The jury also found that Hill had not paid for the corn.

It will be noted that Special Issue No. 8 assumed as a fact that Bielss had not paid for the corn. Without a statement of facts we cannot say that this assumption was unwarranted. In support of the trial court's judgment we must presume that it was.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

Appellant now prays, not for rendition in his behalf but for a reversal "in order that justice may be accomplished."

Without a statement of facts it is impossible for us to say that justice would be served by another trial. If there was any evidence that Bielss had paid for the corn, appellant should have brought it up. His failure to do so leaves us without any cogent reason for ordering a new trial.

The motion is overruled.