**PANHANDLE & SANTA FE RAILWAY COMPANY, Appellant,**

v.

**H. T. ARNOLD, Appellee.**

No. 6522.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1955.

Rehearing Denied Nov. 7, 1955.

Lewis Jeffrey, Amarillo, McWhorter, Howard, Cobb & Johnson, Lubbock, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, for appellee.

MARTIN, Justice.

This suit was brought under the provisions of the Federal Employers' Liability Act, Title 45, § 51, U.S.Code Annotated. The trial of the cause was conducted under the provisions of the federal law expressed in the act and decisions thereunder and it is recognized that the appeal must be determined by the same law. Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Strickland Transp. Co., Inc., v. Johnston, Tex.Civ. App., 238 S.W.2d 717.

Appellee, H. T. Arnold, while employed as a car inspector by the appellant, Panhandle & Santa Fe Railway Company, was injured by a truck belonging to R. A. Billings which backed into him causing the injuries for which he sued. Appellee is the sole witness as to the pertinent facts and from his undisputed testimony it is revealed that his injury was solely attributable to the truck of Billings which backed into him on a graveled passageway adjoining the cars of the appellant railway—which cars he had been inspecting. It is indisputable that had the truck of Billings not been located on the graveled passageway of the appellant appellee would not have been injured. This fact and the jury finding relevant thereto determine the correct adjudication of this appeal.

The case was tried before a jury which returned the following findings of fact:

(1) that the defendant railway company did not furnish Arnold a reasonably safe place in which to do his work which was a proximate cause of his injuries;

(2) the defendant railway company was not negligent on the occasion in question in permitting motor trucks on an area used by the plaintiff Arnold in the performance of his work;

(3) it was not negligence on the part of the railway company to fail to warn

Arnold of the approach of the Billings truck;

(4) the railway company did not fail to keep a proper look-out for Arnold;

(5) Billings' truck driver did not fail to keep a proper look-out for Arnold;

(6) it was not negligence for the Billings' truck driver to fail to give warning before backing his truck;

(7) it was not negligence for the truck driver to back his truck instead of going forward;

(8) the truck driver did not back his truck too close to the cars where Arnold was working;

(9) the driver did not back his truck too fast; and

(10) it was not negligence for the truck driver to back his truck without clear vision.

Appellant railway company, upon the above findings of the jury, filed its first amended motion for judgment which was overruled. Appellee's motion for judgment was granted and, on the 17th day of December, 1954, under the principle of comparative negligence, judgment was entered awarding a recovery to appellee in the sum of $18,000 as against appellant railway company and denying any recovery as against R. A. Billings, the truck owner. Appellant's first point reveals the error of the trial court as complained of in this appeal:

"The trial court erred in basing judgment on the jury's answers to the general issue finding that defendant failed to 'furnish the Plaintiff Arnold a reasonably safe place in which to do his work' (Issues 1, 2 and 3); whereas, specific findings of the jury on Special Issues 4, 7, 10, 12, 14, 17, 19, 23 and 27, completely negatived such general findings on Issues 1, 2 and 3, and in fact found, in answer to Issues 33 and 34, that the failure of the plaintiff himself to keep a proper lookout, was a proximate cause which could have been nothing but the sole proximate cause of the

injuries, if any, sustained by H. T. Arnold."

Of like import are appellant's second and third points of error and a ruling on the above point effects a ruling on all points presented on this appeal.

■ The testimony of appellee renders indisputable the fact that the sole proximate cause of his injury, insofar as might be chargeable to appellant and not to appellee's own contributory negligence, was the truck of Billings located on the graveled passageway. Since the jury found, under Special Issues Nos. 7 and 8 outlined under No. 2 hereinabove, that the appellant railway company was not negligent on the occasion in question in permitting motor trucks on an area used by plaintiff Arnold in the performance of his work, appellant was entitled to judgment in the trial court on such verdict. If appellee was not furnished a safe place to work by appellant, it was solely by reason of the fact that the truck of Billings was permitted in the area. If the railroad was not negligent in permitting the motor truck in the area, then it necessarily follows that it did not fail to furnish appellee a reasonably safe place in which to do his work. In any event under the jury finding, no negligence could attach to appellant by reason of the truck being in the area and the alleged consequent failure of appellant to furnish appellee a safe place to work. Without negligence on the part of appellant, it could not be liable to appellee. Benson v. Missouri, K. & T. R. Co., Tex.Civ.App., 200 S.W.2d 233, writ refused; International-Great Northern R. Co. v. Lowry, 132 Tex. 272, 121 S.W.2d 585. Further strengthening this proposition are other jury issues in the cause. The jury found that a proximate cause of appellee's injury was his own failure to keep a proper lookout. In the total absence of negligence and causation attributable to either the appellant railway company or to Billings' truck driver, appellee's failure to keep a proper look-out necessarily becomes the sole proximate cause of his injuries and he cannot recover as against the appellant railway.

The proposition above is clearly supported by the ruling in the case of Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297. This cause rules that where appellant had pleaded specific facts invoking appellee's duty to guard a hole in the street in which appellant was working, the additional allegation that appellee was guilty of negligence in failing to furnish Harbin a reasonably safe place in which to work was a legal conclusion flowing from the specific facts and was not a plea of a special act of negligence. The ruling in the case wholly sustains the opinion hereinabove on the sound principle that where a jury has acquitted appellant of all specific acts of negligence, a finding of the jury that the appellant was guilty of negligence in not furnishing appellee a reasonably safe place in which to work is nothing more than the jury's conclusion of law which has no support in the facts found and, therefore, cannot support a judgment. Also see Great Atlantic & Pacific Tea Co. v. Coleman, Tex.Civ.App., 259 S.W.2d 319; Peeler v. Smith, Tex.Civ.App., 18 S.W.2d 938, affirmed by the Supreme Court in Tex. Com.App., 29 S.W.2d 975.

The law of this state is well established that the courts must reconcile any apparent conflict in the jury answers if the same can be reasonably done in the light of the facts of the particular case. A general finding that appellant failed to furnish appellee with a safe place to work cannot stand in the face of the specific findings of the jury exonerating both appellant railway and Billings of any negligence proximately causing appellee's injuries. Walker v. Houston Electric Co., Tex.Civ.App., 155 S.W.2d 973, writ of error refused; Aranda v. Texas & N. O. R. Co., Tex.Civ.App., 140 S.W.2d 236; Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; El Paso Electric Co. v. Hedrick, Tex.Com.App., 60 S.W.2d 761; Harbin v. City of Beaumont, supra.

Appellants points of error are sustained and the judgment of the trial court is reversed and judgment is rendered that appellee take nothing by his suit as against appellant railway company.