**B. Joe HATLEY, Appellant,**

**v.**

**Charles L. HATCHER, D.D.S., Appellee.**

**No. 16312.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1964.

Rehearing Denied April 3, 1964.

Burt Barr, Dallas, for appellant.

Joseph J. Silberman, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Charles L. Hatcher, a dentist, recovered judgment against appellant B. Joe Hatley for $351.00 plus $125.00 attorney's fees in a suit for dental work performed and materials furnished.

In his first and second points on appeal appellant contends, as he did in the trial court, that appellee's cause of action is barred under the two-year statute of limitations.

The only witness was Dr. Hatcher. He testified that he performed dental work for appellant on February 18, 1959, February 25, 1959, some time in March 1959, and on October 15 or 28, 1959. He further testified that appellant paid $10.00 on November 25, 1959 and $1.00 on December 16, 1959.

The doctor's testimony as to the terms of payment contains inconsistencies. He first testified that payment was due at the time he did the work. If so his claim in part at least would be barred by limitations, for suit was not filed until October 27, 1961. But the doctor also testified that after he had completed his work by delivering a set of dentures to appellant on October 15, 1959 or October 28, 1959 he agreed with appellant for payment to be made at the rate of $25.00 per month. If this testimony is correct the doctor's suit is not barred under the statute of limitations.

It is well established that inconsistencies in the testimony of a witness do not destroy the probative force of his testimony as a matter of law. They merely create issues of fact for determination by the jury or by the trial court if there is no jury. See 41 B Tex.Jur. 489 and 24 Tex.Jur.2d 369 and authorities there cited.

It is also well established that in a non-jury trial it will be presumed that the trial court made such implied fact findings as are necessary to support the judgment. National Bond & Investment Co. v. Atkinson, Tex.Civ.App., 254 S.W.2d 885. In this case it is plain that the trial court found against appellant as to the facts in regard to the defense of limitations. Appellant's first and second points are overruled.

In his third point appellant complains that no evidence was offered to support the allowance of $125.00 as attorney's fees. It was not necessary to offer such evidence. Appellee presented proof of the services rendered. He asked for attorney's fees in his pleading. This was a non-jury trial. It was not error for the court to fix the amount of the attorney's fees though no evidence was offered as to the value of the attorney's services. Weatherly v. Longoria, Tex.Civ.App., 292 S.W.2d 139; May v. Donalson, Tex.Civ.App., 141 S.W.2d 702; Johnson et al. v. Blanks et al., 68 Tex. 495, 4 S.W. 557. Appellant's third point is overruled.

In his fourth point appellant claims that appellee failed to prove that he was a duly licensed dentist on the times and occasions in question. This point was not raised during the trial. It is urged for the first time on appeal.

The record does not support appellant's point. The doctor testified that he is a licensed dentist. He attended the University of Texas. He took postgraduate courses in this country and Europe. He has taught dental surgery. For thirty-five or forty years he has been on the staff of

Baylor Hospital. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.

Affirmed.