**MISSOURI–KANSAS–TEXAS RR. CO.,**
Appellant,

v.

**H. T. SHELTON, Appellee.**

No. 16343.

Court of Civil Appeals of Texas.
Dallas.

May 15, 1964.

Rehearing Denied Oct. 9, 1964.

W. A. Thie, Denison, and Elliott & Nall, Sherman, for appellant.

Charles H. Gullett and Robert Doss, Denison and Baker, Jordan, Shaw & Foreman, Dallas, for appellee.

DIXON, Chief Justice.

Missouri-Kansas-Texas Railroad Company has appealed from a judgment for $25,000 awarded to appellee H. T. Shelton, a switchman employed by appellant. The suit was brought for damages for personal injuries. Recovery was sought under the provisions of the Federal Employers' Liability Act, Title 45, §§ 51 and 53, U.S.C.A.

Appellee alleges that he sustained serious injuries while alighting from a moving train not only as a result of being struck by a caboose on the train from which he alighted but also as a result of being struck by an engine coming from an opposite direction upon an adjacent track.

Sixty-seven special issues were submitted to a jury. In answering these issues the jury in effect acquitted appellant in all particulars except in its answers to Special Issues Nos. 8, 9, 10 and 65, which four issues were answered as follows:

(8) Appellant permitted chatt, gravel. rocks, mounds of earth or debris to remain in the area of the hump where appellee alighted;

(9) said act was negligence;

(10) appellee's injuries resulted *in whole or in part* from such negligence;

(65) appellee's injuries were not the result of an unavoidable accident.

The jury did not find that any act of appellee contributed to cause his injuries.

Appellant's points on appeal, Nos. 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 16, 17 and 18, all involve appellant's main contention: that the court erred in requiring the jury to apply different standards to appellant than to appellee in matters of causal relationship. The court submitted issues and definitions which permitted answers favorable to appellee if the jury found that appellee's injuries resulted *in whole or in part* from appellant's negligence. But as to contributory negligence the court submitted issues and definitions which permitted answers favorable to appellant only if the jury found that appellee's injuries were *proximately caused* by his own negligence.

Appellant not only objected to the issues as submitted but objected to the court's refusal to submit requested issues and definitions which would have required the jury to apply the same standards to appellant and appellee in matters of causal relationship.

The Federal Employers' Liability Act Title 45, § 51 expressly provides that every common carrier by railroad while engaged in interstate commerce shall be liable in damages to any employee suffering injury resulting "in whole or in part" from the negligence of the railroad. This provision

has been upheld in numerous decisions, Federal and State.

We quote from the opinion of the Supreme Court of the United States in Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 448, 1 L.Ed.2d 493:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due *in whole or in part* to its negligence. (Emphasis added.)

"The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit.

The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference."

See also Dennis v. Denver & Rio Grande Western R. Co., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256; Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208; Page v. St. Louis Southwestern Ry. Co., 5 Cir., 312 F.2d 84; and Campbell v. Chesapeake & Ohio Ry. Co., 36 Ill.App.2d 276, 183 N.E.2d 736.

There are also numerous opinions, some of them by Texas courts, in which it is held that the Federal Statute is controlling over the common-law or statute of a state. Texas & Pacific Ry. Co. v. Younger, Tex. Civ.App., 262 S.W.2d 557; Rio Grande, E. P. & S. F. R. Co. v. Dupree, (Comm.App.) 55 S.W.2d 522; and see the annotations under Note No. 54 of Title 45, § 51, U.S. C.A.

Title 45, § 53, U.S.C.A. expressly provides that in actions for personal injuries to an employee or for injuries resulting in death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. There are many cases upholding this provision, the latest being Dennis v. Denver & Rio Grande Railroad Company, supra. See also Wantland v. Ill. Central R. Co., 7 Cir., 237 F.2d 921; Sears v. Southern Pacific Co., 9 Cir., 313 F.2d 498; and the numerous annotations under Notes Nos. 41–44, of Title 45, § 53, U.S.C.A.

In applying this statute a definition of contributory negligence has been approved which definition includes the *proximate cause* theory as applied to the alleged contributory negligence of the employee. Chesapeake & Ohio Ry. Co. v. Richardson (1941), 116 F.2d 860, cert. denied, 313 U.S. 574, 61 S.Ct. 961, 85 L.Ed. 1531. See also

Atchison T. & S. F. Ry. Co. v. Seamas, 9 Cir., 201 F.2d 140.

We are convinced that under the Federal Statutes, Title 45, §§ 51 and 53, U. S.C.A., it was not error for the trial court to submit issues to the jury inquiring whether appellee's injuries resulted in whole or in part from appellant's negligence. We have been impelled to this conclusion by the plain wording of the statute itself and by the interpretation put thereon by numerous judicial opinions, especially by the strong language used by the Supreme Court of the United States in Rogers v. Missouri Pacific RR. Co., supra, from which opinion we quoted earlier in this opinion.

We are also convinced that it was not reversible error for the court to submit the contributory negligence issues in such manner as to inquire of the jury whether appellee's negligence was, in any of the alleged instances, a *proximate cause* of his injuries. The Congress has seen fit by statute to supplant the common-law duty of railroads to employees by the more drastic duty of the "In-whole-or-in-part" causation concept. But the Congress has not seen fit by statutory enactment to change the common-law concept of proximate cause with reference to contributory negligence of the employee. And in the absence of such a statutory enactment the common-law rule must prevail. Texas & N. O. R. Co. v. Railroad Commission, Tex.Civ.App., 220 S.W.2d 273; Smith v. J. Weingarten, Inc., Tex.Civ.App., 120 S.W.2d 878, 880; City of Corpus Christi v. Coffin, Tex.Civ.App., 35 S.W.2d 202; State v. Anderson, 119 Tex. 110, 26 S.W.2d 174, 69 A.L.R. 233; 15 C.J.S. Common Law § 12a, p. 619.

The common law prevails in Texas unless inconsistent with the Constitution and laws of the state or the United States, Art. 1, Vernon's Ann.Civ.St. The common law prevails with reference to causal relationship in contributory negligence. It is a long established rule that the Federal courts enforce the common law of the state in which a cause arises and is tried when such common law is not in conflict with the Constitution and statutes. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; United States v. Swierzbenski, 2 Cir., 18 F.2d 685; The West Jester (Wagstaff v. United States, et al.), 9 Cir., 281 F. 877; 15 C.J.S. Common Law § 16, p. 630.

No cases exactly in point on the issue raised by appellant have been cited to us and we have found none. But there are cases which seem to us to point in the direction of our holding in regard to the employee's liability for his own negligence under Title 45, § 53, U.S.C.A. Sears v. Southern Pacific Co., 9 Cir., 313 F.2d 498 (Syl. 3); Atchison T. & S. F. Ry. Co. v. Seamas, 9 Cir., 201 F. 2d 140. We overrule appellant's Points Nos. 1, 2, 3, 4, 8, 9, 10, 12, 13, 14, 16, 17 and 18.

In its Point No. 5 appellant says that it was error for the court to base its judgment on the jury's findings to Special Issue No. 9. The issue was submitted as follows:

"SPECIAL ISSUE NO. 9

"Do you find from a preponderance of the evidence that such act in permitting either chatt, gravel, rocks, mounds of dirt, or debris to remain in the area of the hump where Plaintiff alighted from said caboose, if you have so found in answer to the preceding special issue, was negligence, as defined herein?

"Answer Yes or No."

The answer of the jury was "Yes". In answering Issue No. 10 the jury found that appellee's injuries resulted in whole or in part from said negligence.

In answering Special Issue No. 2 the jury had found that appellant had not failed to furnish appellee a reasonably safe place in which to work.

Appellant contends (1) that Special Issue No. 9 is multifarious and (2) that the jury's answer to the issue is in conflict with the answer to Special Issue No. 2.

■ The first of the above contentions raises the question, often vexing of whether an issue as framed is defective because it submits more than one ultimate issue. We have concluded that the issue is not defective in that regard. It has often been held that an issue is not multifarious because it groups several evidentiary or subsidiary facts together, so long as it involves only one ultimate issue. Duff v. Mathews, Tex. Civ.App., 300 S.W.2d 679; Jones v. Scott, Tex.Civ.App., 266 S.W.2d 534; Gray County Gas Co. v. Oldham, Tex.Civ.App., 238 S.W.2d 596; Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978; Service Mutual Ins. Co. of Texas v. Territo, et al, Tex.Civ.App., 147 S.W.2d 846. Really only one ultimate issue was inquired about in Special Issue No. 9: whether appellant was negligent in permitting foreign substances to remain in the area in question.

■ · As to the second of appellant's contentions under its Point No. 5 we must give an affirmative answer. The jury's findings in response to Special Issues Nos. 2 and 9 are in conflict.

In Arnold v. Panhandle & S. F. Ry. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889, the jury acquitted the railroad on eight specific acts of negligence, but found that the railroad had not furnished Arnold a reasonably safe place in which to work. In holding that the answers were not in conflict the Supreme Court of the United States reasoned that the specific findings were not exhaustive or all-inclusive of the acts which might have constituted negligence, while the unsafe-place-to-work finding was exhaustive and all-encompassing. In other words, the unsafe-place-to-work negligence may have resulted from an act not named or included among the specific acts submitted.

The reverse of the above situation is presented here. In this case the jury answered "No" to an inquiry whether the railroad had failed to furnish appellee a reasonably safe place to work, then found from a preponderance of the evidence that the railroad was negligent in permitting chatt, gravel, rocks, mounds of dirt, or debris to remain in the area where appellee alighted from the caboose. Since the safe-place-to-work finding is exhaustive and all-encompassing it cannot be reconciled with the finding in regard to chatt, gravel, etc. The Arnold case is really authority for holding that the answers here are in conflict.

In support of its view that there is no conflict between the jury's answers to Special Issues Nos. 2 and 9 appellee seeks to invoke the rule that a negative answer to a negligence issue submitted in a negative form is not the same as an affirmative answer of negligence. It merely means that the party having the burden of proof did not establish the non-existence of the condition. Hill v. Leschber, Tex.Civ.App., 235 S.W.2d 236; Gulf States Utilities Co. v. Grubbs, Tex.Civ.App., 44 S.W.2d 1001; 41-B Tex. Jur. 780.

· As we view the situation the rule relied on by appellee is not applicable here. In answering Special Issue No. 2 "No" the jury in effect found that appellee had not discharged his burden of showing that appellant had furnished appellee an unsafe place in which to work. In answering Special Issue No. 9 "Yes" the jury in effect found that appellee had discharged his burden of showing that appellant had furnished appellee an unsafe place in which to work. Both answers cannot be correct. We think the test quoted in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, (Syl. 2) is applicable here. The two findings are in conflict. We sustain appellant's Point No. 5.

In its sixth and seventh points appellant complains of the submission of Special Issues Nos. 8 and 9 on various grounds. Since we have held that the jury's answer to Issue No. 9 cannot stand we shall not pass upon the question whether these two related issues were technically defective in the form in which they were submitted.

■■ In its fifteenth point appellant asserts that the court was in error in over-

ruling appellant's motion for judgment notwithstanding the verdict of the jury. The court could properly have sustained the motion only if there was no evidence to sustain the jury's verdict. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Texas Law Review 361.

Appellee testified that in alighting from the caboose he stepped on an object that "felt like it was about as big as your two fists or bigger." He had earlier signed a statement (which he said he did not know his wife had made out) in which statement he made no mention of a rock or something "about as big as your two fists."

Appellee also testified that his "purpose in getting off on that side of the train was a safe place and a proper place to get off at." He further testified "I selected to get off there, because it the safe place to get off." These last two statements by appellee if taken out of their context would appear to be in conflict with appellee's statement that he stepped on an object as big as both fists. But when appellee's testimony is considered in connection with its context and in connection with his testimony as a whole and with the testimony of other witnesses, the apparent conflict can be reconciled. It was while appellee was being cross-examined as to whether he was negligent in alighting between two moving trains that he said that he had selected "a safe and proper place to get off at." We quote further from his testimony:

"Mr. Freels: You got off out there without guarding against moving equipment on an adjacent track, did you not?

"A. No, sir.

"Q. You say you did not?

"A. I got off guarding myself.

"Q. All right, sir. You got off without guarding yourself against unsafe footing, did you not? Is that what you are saying here?

"A. Got off on what I knew to be cleanest place for footing.

"Q. All right, sir. And it is clean out there, isn't it?

"A. The cleanest place. No, sir, it's not clean."

There was ample testimony from other witnesses that the place where appellee alighted was not clear of debris including various substances.

Even if we were to say that appellee's own testimony is conflicting on the question of a safe place to alight, such conflict would raise a fact issue. Overton Refining Co. v. Harmon, 81 S.W.2d 207 (Rev. on other grounds, 130 Tex. 365, 109 S.W.2d 457); U. S. Fidelity & Guaranty Co. v. McCollum, Tex.Civ.App., 70 S.W.2d 751; Hatley v. Hatcher, Tex.Civ.App., 376 S.W.2d 943; 41-B Tex.Jur. 489; 24 Tex.Jur.2d 369. Appellant's fifteenth point is overruled.

In its Point No. 19 appellant alleges error of the court in permitting appellee to show notice of conditions at the place he alighted by means of complaints as to the railroad yard generally as well as the taking of a strike vote with reference to the whole railroad yard.

Evidence concerning the above matters was first objected to on the ground that the questions did not limit the inquiry to the area and time involved. This objection was sustained. Later appellant objected to more limited questions on the ground that the questions were "irrelevant and immaterial," "no proper predicate" and "prejudice". Still later appellant itself brought out the questioned evidence on cross examination. Under the circumstances no reversible error is shown. Medina Electric Coop., Inc. v. Ball, Tex.Civ.App., 368 S.W. 2d 227; Bales v. Delhi-Taylor Oil Corp., Tex.Civ.App., 362 S.W.2d 388; Hooten v. Dunbar, Tex.Civ.App., 347 S.W.2d 775; Withers v. Tyler County Lumber Co., Tex. Civ.App., 326 S.W.2d 173; Marsh v. State, Tex.Civ.App., 276 S.W.2d 852. Appellant's Point No. 19 is overruled.

■ In its Points Nos. 20 and 21 appellant takes the position that (20) there was no evidence to support the submission of Special Issue No. 8 and (21) there was insufficient evidence to support the submission of the issue. Without going into further detail in regard to the evidence, we cannot say that there was no evidence in support of the submission of the issue. And the "no evidence" rule is applicable in weighing these points.

■ In its Point No. 22 appellant says that the answer of the jury to Special Issue No. 8 is so against the great weight and preponderance of the evidence as to be manifestly wrong. We see no merit in this point. There was ample evidence to support the jury's answer, some of which evidence we have pointed out. Point No. 22 is overruled.

■ The court submitted Special Issue No. 67 as follows:

"What per cent, if any, do you find from a preponderance of the evidence does the negligence, if any, of the plaintiff bear to the entire negligence, if any, of both the plaintiff and defendant?"

This issue was accompanied by an instruction that the issue was to be answered only in the event the jury found that contributory negligence on the part of plaintiff proximately caused his own injuries and that negligence on the part of defendant resulted in whole or in part in defendant's injuries. We think the issue was properly submitted. Thompson v. Robbins, 157 Tex. 463, 304 S.W.2d 111, 116–117. Notwithstanding the instruction the jury answered the issue "75% Plaintiff." In doing so the jury plainly went contrary to the instruction, for none of the contributory negligence issues was answered in the affirmative. Therefore, the answer to Special Issue No. 67 can have no significance. In the absence of any finding of contributory negligence the comparative negligence doctrine, or the diminution of the damages rule

can have no application. Thompson v. Robbins, supra.

Because of the conflict in the jury's answers to Special Issues Nos. 2 and 9 the judgment of the trial court will be reversed and the cause remanded for another trial.

Reversed and remanded.

## ON MOTION FOR REHEARING

In his motion for rehearing appellee vigorously assails the holding in our original opinion that the jury's answers to Special Issues Nos. 2 and 9 are in irreconcilable conflict, necessitating a reversal of the court's judgment.

Special Issue No. 2, the jury's answer thereto and the instructions to the jury accompanying the submission of the special issue were as follows:

"Do you find from a preponderance of the evidence that on the occasion in question defendant failed to furnish plaintiff a reasonably safe place in which to work?

"Answer 'yes' or 'no'.

"ANSWER: No.

"You are instructed that defendant was under a duty to exercise ordinary care to furnish plaintiff a reasonably safe place in which to work, and this duty was a continuing one even though the work may have been fleeting or infrequent.

"You are further instructed that the duty to exercise ordinary care to furnish a safe place to work does not have reference only to the physical condition of the place itself but also has reference to the negligent acts, if any, you find of defendant's employees on the occasion in question.

"You are further instructed that this duty is a duty which becomes more imperative as the risk increases."

Special Issue No. 9 is quoted in full in our original opinion, so need not be repeated here.

Appellee insists that the jury's answers to the two issues are consistent with each other and are not at all in conflict. We shall briefly present appellee's contentions in support of this view.

### APPELLEE'S CONTENTIONS

(1) According to appellee the jury's answer of "No" to Special Issue No. 2 can in no wise be construed as an affirmative finding that appellant provided appellee a reasonably safe place in which to work. The answer is merely a finding by the jury that appellee did not discharge his burden of proof under that issue; that the issue as drawn was a "negative submission" which inquires whether the jury finds from a preponderance of the evidence that appellant "failed" or "did not" do a certain act as opposed to an "affirmative" submission, meaning on inquiry whether the jury finds that appellant *did* a certain act.

On the other hand the jury's answer to Special Issue No. 9 is an affirmative finding of a specific act of negligence on the part of appellant. This finding necessarily means that appellee did discharge his burden of proof under the affirmative submission of Special Issue No. 9. In the face of this affirmative finding of negligence appellant cannot escape its liability because the jury found that the evidence did not preponderate under the negative submission of Special Issue No. 2. In support of his argument appellee cites us to Halliburton Oil Well Cementing Co. v. Groves, Tex.Civ. App., 308 S.W.2d 919, 938; Hill v. Leschber, Tex.Civ.App., 235 S.W.2d 236; Gulf States Utilities Co. v. Grubbs, Tex.Civ.App., 44 S.W.2d 1001; 41–B Tex.Jur. 780.

(2) In further support of his contention that the two answers are not in conflict but are consistent with each other appellee makes this argument:

"Even if the answer to Special Issue No. 2 were to be regarded as an affirmative finding, however, it does not appear there would be irreconcilable conflict between the two issues. From the standpoint of the jury, from all the testimony and evidence in this case, there is a reasonable explanation of the answers to the two issues. The inquiry with respect to furnishing a reasonably safe place in which to work could have been answered by the jury based upon testimony and evidence covering the condition of the entire Ray Yard in Denison, an area of a considerable number of acres. The inquiry was not localized to the area of 'the hump where Plaintiff alighted'; however, with respect to Special Issue No. 9, the inquiry was localized to 'in the area of the hump', and Special Issue No. 9 inquired only about that area, which is only a small fractional part of Ray Yard; the jury had evidence with respect to the Yard generally and had evidence with respect to the specific area of 'the hump.' "

\* \* \* \* \* \*

"It is entirely harmonious to state that a reasonably safe place to work has been provided, yet the employer had committed a negligent act. Certainly one negligent act does not automatically make an area an unsafe place to work."

(3) Appellee also reminds us of a rule which has been announced in several Texas cases to the effect that a specific finding will prevail over a general finding in attempting to reconcile a seeming conflict in jury answers. Ft. Worth & Denver Ry. Co. v. Britton, Tex.Civ.App., 310 S.W.2d 654, 657; Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297; Bragg et al. v. Hughes, Tex.Civ.App., 53 S.W.2d 151.

(4) Appellee says that "this Court cannot under the guise of state procedure defeat substantive rights granted appellee by Congress under the Federal Employers Liability Act." This argument is based on the statement by the Supreme Court of the United States in Arnold v. Panhandle &

Santa Fe Ry. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889, as follows, " * * * the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice."

## OPINION ON REHEARING

We find ourselves unable to agree with appellee.

(1) Appellee's arguments overlook the very important instruction to the jury for its guidance in answering Special Issue No. 2. For emphasis we repeat that instruction: " * * * *the duty to exercise ordinary care to furnish a reasonably safe place to work does not have reference only to the physical condition of the place itself, but also has reference to the negligent acts, if any, you find of defendant's employees on the occasion in question.*" (Emphasis ours.)

In the light of the above instruction the effect of the jury's answer of "No" to Special Issue No. 2 was that the jury did not find *from a preponderance of the evidence* that appellant had been guilty of any act of negligence with regard to a safe place to work. Yet in answering Special Issue No. 9 the jury found *from a preponderance of the evidence* that appellant had been guilty of an act of negligence: permitting chatt, etc. to remain in the area of the hump where appellee alighted from the caboose. The two answers seem to us to be in irreconcilable conflict.

(2) We are also of the opinion that appellee's argument in Paragraph (2) of his contentions becomes wholly untenable when considered in connection with the court's very plain instruction in connection with the submission of Special Issue No. 2 as above quoted.

(3) We are aware of the holdings in the cases cited by appellee in support of his argument No. (3). But we do not consider those holdings applicable here for these reasons:

(a) The holdings refer to a state procedural rule. The Supreme Court of the United States, as cited and quoted by appellee in the Arnold case, refuses to recognize state procedural rules in passing on substantive rights under Federal laws. See also 79 A.L.R.2d 574.

(b) The Arnold case itself holds in effect that a specific finding of no negligence will not prevail against a general finding of an unsafe place to work because the latter finding is more exhaustive in its scope. In the case now before us the position is reversed. The finding in answer to Special Issue No. 2 is broader in its scope than the answer to Special Issue No. 9. The substance of the jury's answer to Special Issue No. 2, when considered in the light of the instruction accompanying it, is that the jury did not find *from a preponderance of the evidence* that there was any negligence on the part of appellant with respect to a safe place to work. Such finding, in the view of a majority of this court, collides with the jury's answer to Special Issue No. 9 where the jury finds specifically *from a preponderance of the evidence* that there was an act of negligence on the part of appellant; permitting chatt, etc. to remain in the area.

(4) We bow to the holding of the Supreme Court of the United States to the effect that the assertion of Federal rights is not to be defeated under the name of local practice. But we do not consider that rule applicable here, for the question before us involves the substantive rights of the parties—the ultimate issue of negligence. Appellee in his Supplemental Motion for Rehearing says, "Appellee agrees with appellant that the safe place to work issue is an ultimate one." He then falls back on his theory that since Special Issue No. 2 was not submitted or answered in affirmative form, there cannot be any conflict in the jury's answers.

Appellee's motion for rehearing is overruled.

Overruled.

CLAUDE WILLIAMS, Justice (dissenting on rehearing).

After careful reconsideration and study of the record I find myself unable to agree with my esteemed brethren on the ultimate disposition of this appeal. I am in complete accord with the majority opinion as it relates to all points presented with the exception of the point of error relating to the alleged irreconcilable conflict between Issues Nos. 2 and 9. Since I am unable to agree that a fatal conflict exists I respectfully record my dissent.

The majority has concluded that this case should be reversed solely because of an alleged irreconcilable conflict between the answer of the jury to Special Issue No. 2 and the answer of the jury to Special Issue No. 9. These issues, together with the instruction following Issue No. 2, have been copied verbatim in the original opinion and the opinion on rehearing. The primary question, therefore, is whether a conflict in fact exists between the answers assigned by the jury to the two questions submitted to them. A conflict exists in a jury verdict if the answers to two or more special issues cannot both be true. When both issues, and the jury's answers thereto, are subjected to a careful exegesis I am convinced that there is no actual conflict at all. Special Issue No. 9 presents no problem. It amounts to an affirmative submission of the question of whether the act on the part of the railroad in permitting chatt, gravel, rust, mounds of dirt, or debris to remain in the area of the hump where plaintiff alighted from the train was negligence. To this question the jury gave an affirmative answer. The plaintiff therefore fulfilled his obligation to discharge the burden of securing the jury answer of "Yes" to this essential element of recovery.

As to Special Issue No. 2, and the jury answer thereto, we have an entirely different situation. By this issue the trial court asked the jury whether they found *from a preponderance of the evidence* that on the occasion in question defendant *failed* to furnish plaintiff a reasonably safe place in which to work. In reply the jury said "No". What did the jury mean by this answer? I can conceive of no other meaning than that the answer is merely a finding by the jury that appellee did not discharge his burden of proof as to *that issue*. It must be observed that the issue, as submitted, amounted to a "negative submission" as opposed to an "affirmative submission" as in Special Issue No. 9. The answer "No" to such issue merely means that the jury found that the evidence did not preponderate in favor of a finding of failure to provide a reasonably safe place to work. However, the mere fact that the plaintiff failed to sustain his burden of proof on this issue alone cannot reasonably to be said to be equivalent to an affirmative finding that the railroad company did provide appellee with a reasonably safe place to work on the occasion in question, or that its servants were not negligent in any particular act or omission.

Thus we have a situation where the appellee has failed to sustain his burden of proof and secure a finding on his *general issue* of failure to provide a safe place to work but, in Special Issue No. 9, appellee has successfully maintained his burden of proof to establish *specific negligence* which contributed to bring about his injuries. I conclude that the jury's answer to Special Issue No. 2 is not an affirmative finding of any fact, or omission of duty, but is nothing more than a statement by the jury that the evidence presented by appellee was not sufficient to preponderate the evidence in favor of the finding sought by the issue. The mere failure to support his burden of proof on this issue does not, as a matter of law, amount to a converse finding against appellee. 41-B Tex.Jur. 780; Halliburton Oil Well Cementing Co. v. Groves, Tex.Civ. App., 308 S.W.2d 919, 938; Hill v. Leschber, Tex.Civ.App., 235 S.W.2d 236; Gulf States Utilities Co. v. Grubbs, Tex.Civ. App., 44 S.W.2d 1001. Accordingly, both answers of the jury to the two special issues involved may be well true and yet not be in conflict.

Even though we should assume, *arguendo,* that the answer of the jury to Special Issue No. 2 amounted to an affirmative finding, as contended by appellant, and as found by the majority in their opinion on rehearing, there is, in my judgment, a compelling reason why there is no fatal or irreconcilable conflict between that answer and the answer of the jury to Special Issue No. 9. By both state and federal law we are enjoined to the performance of a duty to construe verdicts as not being irreconcilably conflicting when there is any reasonable explanation of seeming conflicts. Courts should always assume the honesty and at least ordinary intelligence of a jury and that they never intend that their specific findings of fact should be destroyed by a general finding in seeming conflict therewith. 41–B Tex.Jur., Sec. 580, p. 795; Bragg et al. v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, 562.

In Gallick v. Baltimore & Ohio RR. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618, the United States Supreme Court said:

"But it is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' Atlantic & Gulf Stevedores, Inc., v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798. We therefore must attempt to reconcile the jury's findings, by exegesis if necessary, as in Arnold v. Panhandle & S. F. R. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889; McVey v. Phillips Petroleum Co., 288 F.2d 53 (C.A. 5th Cir.); Morris v. Pennsylvania R. Co., 187 F.2d 837 (C.A.2d Cir.) * * * before we are free to disregard the jury's special verdict and remand the case for a new trial."

Applying these well established rules to the record before us, it is evident that we can, as we must, reconcile the jury's an-

swers to these issues. Special Issue No. 2 was a general issue, whereas Special Issue No. 9 was a specific issue of specific negligence. The specific finding of the jury in answer to Special Issue No. 9 should prevail over any possible general finding as contained in Special Issue No. 2 when we attempt to reconcile an alleged conflict in jury answers. Ft. Worth & Denver Ry. Co. v. Britton, Tex.Civ.App., 310 S.W.2d 654, 657; Harbin v. City of Beaumont, 146 S.W. 2d 297; Bragg et al. v. Hughes, Tex.Civ. App., 53 S.W.2d 151; Panhandle & Santa Fe Ry. Co. v. Arnold, Tex.Civ.App., 283 S.W.2d 303, reversed, 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889.

In my opinion the majority has applied a strained and harsh construction upon the alleged conflicting verdict of the jury in this case. I believe that the law imposes upon us, as a reviewing court, the duty of analyzing the jury's verdict in the most favorable light and resolving any possible conflict so that the verdict may stand, rather than fall. In my humble judgment this verdict presents one that can easily be reconciled, and should be reconciled, in the interest of justice.

Finally, I think that we must bear in mind that we are here dealing with a Federal remedial statute, the Federal Employers' Liability Act. The Supreme Court of the United States has repeatedly held that this Federal remedial statute is liberally construed in favor of an injured workman. As stated by the Supreme Court of the United States in Arnold v. Panhandle & Santa Fe Ry. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889; "* * * the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice."

In Davis v. Wechsler, 263 U.S. 22, 24, 44 S.Ct. 13, 14, 68 L.Ed. 143, the Supreme Court of the United States said:

"Whatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of Federal rights, when plain-

ly and reasonably made, is not to be defeated under the name of local practice."

The majority contends that the question before us involves the substantive rights of the parties rather than procedural rights. I cannot agree. I believe that the same substantial question of state procedural rights is involved here as was involved in Arnold. In this case Shelton has sustained his burden to establish an affirmative finding of negligence on the part of the railroad company which contributed to cause his injuries for which the jury said he should be compensated. The mere fact that Shelton failed to introduce sufficient evidence, in the opinion of the jury, to preponderate in favor of his general allegation of failure to provide a safe place of work, does not, in my judgment, defeat his right to recover under this Federal statute.

I would sustain the motion for rehearing and affirm the judgment of the trial court.