Horace A. LANE, Appellant,

v.

Glen GORMAN, d/b/a Gorman Chevrolet Co., and Keith Anderson, Appellees.

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Appellant,

v.

Horace A. LANE, Appellee.

Nos. 7786, 7787.

United States Court of Appeals Tenth Circuit.

June 18, 1965.

Byron Hirst, Cheyenne, Wyo. (Richard V. Thomas, of Hirst, Appelgate & Thomas, Cheyenne, Wyo., with him on the brief), for Horace A. Lane.

Kenneth M. Wormwood, of Wormwood, Wolvington, Renner & Dosh, Denver, Colo., for appellees Glen Gorman, d/b/a Gorman Chevrolet Co., and Keith Anderson.

David Uchner and Harry Henderson, of Henderson, Godfrey, Kline & Uchner, Cheyenne, Wyo., for appellant Chicago, B. & Q. R. Co.

Before LEWIS and SETH, Circuit Judges, and DOYLE, District Judge.

LEWIS, Circuit Judge.

These cases originated from a single complaint filed by plaintiff Lane in the District Court for the District of Wyoming wherein he sought joint and several recovery from the defendants Gorman-Anderson and the defendant railroad for injuries suffered in an automobile-truck collision which occurred upon an open highway in Wyoming. Anderson, an employee of Gorman, was the driver of the automobile; Lane, an employee of the railroad, was the driver of the truck. Plaintiff's claim against the defendants Gorman-Anderson was premised upon the alleged operational negligence of Anderson and included an allegation that Anderson had the last clear chance to avoid the collision. Plaintiff's claim against the railroad asserted a cause under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., through the furnishing to plaintiff of a defective truck. After joinder of issues, the causes were tried to a jury and resulted in a verdict favoring defendants Gorman-Anderson for no cause of action and a verdict favoring plaintiff Lane against the railroad. Damages were determined to be $52,562, reduced by fifty per cent in the verdict in accordance with the provisions of the F.E.L.A. because of plaintiff's contributory negligence. In case No. 7786, plaintiff Lane appeals from the jury's adverse verdict asserting error in the trial court's failure and refusal to instruct the jury upon the doctrine of last clear chance. In case No. 7787, the railroad appeals asserting different errors in the court's instructions, insufficient evidence to support the verdict, and the awarding of excessive damages.

On May 10, 1961, plaintiff was engaged in repair work on railroad bridges near Guernsey, Wyoming, and as part of his employment duties he drove a truck loaded with tools and equipment from one bridge site to another. Shortly before the subject collision he parked his truck near where he thought the next work area would be and got out to consult with other employees. He had parked the truck partly on the traveled portion of

the highway. Then, in apparent realization that the position of his truck constituted a traffic hazard, he returned to the truck to move it completely off the highway. Almost immediately the truck was struck from the rear by the automobile driven by Anderson and plaintiff suffered the injuries complained of.

■ There is no appellate contention that the evidence was not sufficient to warrant a jury determination that the plaintiff Lane was negligent in the manner and place of his parking of the truck. And the diminution of the verdict against the railroad establishes that the jury did find Lane's conduct to be negligent. The issue, then, in the claim against Gorman-Anderson is whether other circumstances of the collision are such as to require consideration by the jury of the effect of Lane's negligence upon causation as that concept is recognized in Wyoming under the doctrine of last clear chance. In defining the principle of last clear chance, the Supreme Court of Wyoming, in Borzea v. Anselmi, 71 Wyo. 348, 258 P. 2d 796, 802, stated:

> "[T]he rule [is] well stated in the case of Dunn Bus Service v. McKinley, 130 Fla. 778, 178 So. 865 * * * : ' "The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of 'the last clear chance.' * * * It does not permit one to recover in spite of his contributory negligence, but merely operates to relieve the negligence of a plaintiff * * *, which would otherwise be regarded as contributory, from its character as such. This result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff * * * and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely as a condition or remote cause." ' "

The Wyoming court also approved the definition of the rule stated in the Restatement of Torts, § 479, noting that a plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover if, immediately preceding the harm, the plaintiff cannot avoid it by exercise of reasonable vigilance and care and the defendant, after he discovered or should have discovered the plaintiff's peril, thereafter was negligent in failing to use reasonable care to avoid the harm. See also McDowall v. Walters, Wyo., 360 P.2d 165, 168.

■ Applying these principles of Wyoming law to the evidentiary circumstances of the case at bar we conclude that the jury should have been instructed upon and allowed to determine whether Anderson had, in fact, a last and clear chance to avoid the accident. Although the evidence is conflicting and not compelling, there is testimony that Anderson saw, or could have seen, the Lane truck for a distance of 500 to 1300 feet before impact and thus could have stopped; that he could have passed the truck upon the left with some, but slight, clearance without crossing into the oncoming traffic lane; that he could have avoided the collision by crossing over to the traffic lane reserved for opposite-bound traffic; and that Lane was in a position of hopeless peril at such time. We reiterate that our generalization of some of the evidence dictates no more than the existence of a classic jury question upon the ultimate fact questions of negligence and causation.

■ Concluding as we do that the jury should have had an opportunity to pass upon Lane's right to recover against Gorman-Anderson despite Lane's antecedent (if such it should be found to be) negligence, it would appear at first blush that the verdict against the railroad must fail if Anderson had the last clear chance to avoid the accident. The negligence of the railroad in furnishing a defective truck to its employee was also antecedent to any last and clear chance potentially

available to Anderson. But such reasoning has only initial appeal, for the test of liability under the F.E.L.A. is whether the employer's negligence "played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pacific R. R., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493. Negligence upon the part of the employer is actionable even though the foreseeable danger to the employee results from the negligence of a third person, Smalls v. Atlantic Coast Line R. R., 348 U.S. 946, 75 S.Ct. 439, 99 L.Ed. 740, reversing 4 Cir., 216 F.2d 842, or even the criminal act of a third person. Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73. And recent authoritative decisions clearly indicate that jury verdicts are not to be upset absent a totally unreasonable conclusion on the part of the jury. See, e. g., Dennis v. Denver & R.G.W.R.R., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256; Shenker v. Baltimore & Ohio R. R., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709; Denver & R.G.W.R.R. v. Conley, 10 Cir., 293 F.2d 612, 613. In the case at bar there is evidence that the subject truck was a 1941 International with an inoperative emergency or parking brake, a hand throttle that was not connected, and very poor engine compression. At trial Lane claimed that the reason he did not pull the truck off the roadway was because of its defective condition; he was not certain it would hold in gear on the grade adjacent to the roadway and, even if it would hold, the absence of a hand throttle or emergency brake would make restarting difficult, if not impossible. We hold the evidence to be sufficient to sustain the finding of negligence upon the part of the railroad and that such negligence contributed in some degree to the accident and resultant injuries.

The railroad also complains of the District Court's failure to give the following proffered instruction:

"You are instructed that a railroad employee cannot recover under the Federal Employers' Liability Act if he disobeys, or disregards, specific orders or standing rules promulgated for his own safety."

The contention is without merit because the proposed instruction indicates the application of the doctrine of assumption of risk as a bar to recovery. Such is not proper. Tiller v. Atlantic Coast Line R. R., 318 U.S. 54, 58, 63–64, 63 S.Ct. 444, 87 L.Ed. 610. The court did instruct upon contributory negligence and the jury diminished the verdict accordingly.

Finally the railroad contends that the award of damages was excessive. This court has said many times that absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial, the jury's determination of the amount of damages is inviolate. E. G., Greyhound Corp. v. Jones, 10 Cir., 327 F.2d 904, 905; Barnes v. Smith, 10 Cir., 305 F.2d 226, 228. Such is not this case. The evidence indicates Lane suffered serious injuries.

Since the jury in these cases, under proper instructions, determined that plaintiff Lane was negligent and also that he suffered damages in the amount of $52,562, we do not think it just that these original issues be relitigated. 28 U.S.C. § 2106. Zanetti Bus Lines, Inc. v. Hurd, 10 Cir., 320 F.2d 123, 129. Consequently, the judgment in No. 7786 is reversed with instructions to grant a new trial only upon the issue of liability under the doctrine of last clear chance according to the views herein expressed. The judgment in No. 7787 is affirmed.