Bobbie J. MORGAN and Robert E. Straight, Appellants,

v.

Paul LABIAK, Appellee.

No. 8516.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1966.

Wesley H. Doan, of Yegge, Hall, Treece & Evans, Denver, Colo. (Joseph N. Lilly, Denver, Colo., with him on the brief), for appellants.

Richard J. Bernick, Denver, Colo., and Jim R. Carrigan, Boulder, Colo., for appellee.

Before PICKETT and HICKEY, Circuit Judges, and CHRISTENSEN, District Judge.

HICKEY, Circuit Judge.

This action arises by virtue of a complaint filed under Section 1983, Title 42, U.S.C.,[1] which is one of the oldest sections of the Civil Rights Act.

Appellee complains that, after being arrested for disturbing the peace, he was unlawfully beaten by the appellants, who were policemen acting under color of statute and ordinance of the City of Denver, State of Colorado.

The appellants were dispatched to the address of property owned by appellee to settle a disturbance which arose between appellee and one of his tenants. Appellee, a naturalized citizen of the United

---

1. Title 42, U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

States, objected to the manner in which appellants handled the situation. The peace was disturbed and the appellants placed the appellee under arrest. A crowd of neighbors, who subsequently testified in this trial, gathered. The appellants in the presence of the assembled crowd used their night sticks to dislodge the appellee from his property and take him to the city jail.

The action was filed and the cause tried to a jury in the Federal District Court in Denver, Colorado. A verdict was returned in favor of the appellee.

Appellants' first allegation of error is the denial of a motion, at the conclusion of all evidence, for a directed verdict.

Section 1983 makes every person liable, to the party injured, who, under color of any statute or ordinance, regulation, custom or usage of any state or territory of the United States, subjects a person to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States.

The Supreme Court has ruled that "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." [2] The Court determined, in a subsequent decision, that illegal acts of policemen of the City of Chicago against a citizen were within the meaning of "under color of" state law.[3]

■■ A person unlawfully beaten by an arresting officer is denied the right of due process of law.[4] Therefore, since appellee's complaint alleges an unlawful beating by arresting officers, a cause of action arises under the Act.

■ It is admitted the arrest was made and that force was used. Therefore, it was a question for the jury whether or not the force was unnecessary, unreasonable or violent, and the Court was correct in denying the motion. "The reasonableness of the force used in making an arrest under all the circumstances is a question of fact for the jury, and the standard is the conduct of ordinary, prudent men under the existing circumstances." [5]

■ Appellants complain of the instructions given. Although the Court requested objection, the record does not disclose an objection to the instructions. Therefore, under Rule 51, F.R.Civ.P., "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict * * *."

■ Four points on appeal are directed to the admission of opinion evidence from medical experts. The burden of the objection is that there is no basis for the opinions because they are derived, in part, from the "corporeal appearance" of the appellee before the battery. The family doctor, the wife and the appellee all testified to his "corporeal appearance" prior to the incident. This "corporeal appearance" testimony, which was coupled with medical observations or examinations after the beating, formed the basis for the opinions given.

Wigmore treats this in the following manner: "But, assuming the witness qualified,[6] there can seldom be any difference between the two classes of topics [7] as regards the application of the Opinion rule; the exclusion of an opinion can rarely be justified." [8]

---

2. United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

3. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

4. Screws v. United States, 325 U.S. 91, 106, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Crews v. United States, 160 F.2d 746 (5th Cir. 1947).

5. 6 C.J.S. Arrest § 13(a) at 613 (1937).

6. i. e. qualified scientifically.

7. Corporeal appearance and scientific medical data.

8. VII Wigmore, Evidence § 1975 (3rd ed. 1940).

"Rule 43(a) Federal Rules of Civil Procedure is designed to favor the reception of all the evidence 'which properly may be introduced in respect to the point in controversy.' This accords with 'the modern trend in the law of evidence favoring a wide rule of admissibility.' Rule 43(a) is 'a rule of admissibility, not a rule of exclusion'; and state exclusionary rules are not controlling in the federal courts. Admissibility must be determined under federal law." [9]

The testimony of the experts was properly received. The objections of the appellants went to the weight and credibility of the evidence. These were proper matters for jury determination in the light of all the facts presented.

The motion for a new trial and the motion for amendment of judgment both are creatures of Rule 59, F.R.Civ.P., and, therefore, can be considered together. In addition to the evidentiary questions discussed above, the burden of each motion is the excessiveness of the award.

"This court has said many times that absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial, the jury's determination of the amount of damages is inviolate." [10]

The ruling of the trial court was in compliance with the directions of the above citation. Therefore, it did not abuse its discretion.

Appellants advance a motion for relief from judgment under Rule 60(b), F.R. Civ.P., based upon newly discovered evidence. The evidence suggested relates to self-inflicted injuries observed by police officers at the time of the incarceration after the complained of battery. This evidence clearly was available before the trial. The fact that the appellants had no knowledge of it, as is claimed, is not persuasive in view of the rule laid down by this court.

"A motion for new trial is addressed to the sound discretion of the trial court, and the granting or denial of such a motion will not be disturbed on appeal except for manifest abuse of discretion. [citations omitted]. Before a new trial may be granted on the basis of newly discovered evidence, there must be a showing that the alleged newly discovered evidence was discovered since the trial; facts from which the court may infer reasonable diligence on the part of the moving party; that the evidence is not merely cumulative or impeaching; that the evidence is material; and the evidence is of such a character that on a new trial it will probably produce a different result. [citations omitted]." [11]

Affirmed.

---

9. United States v. Featherston, 325 F.2d 539, 542 (10th Cir. 1963).

10. Lane v. Gorman, 347 F.2d 332, 335 (10th Cir. 1965).

11. McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 410 (10th Cir. 1965).