Carmine T. MARZANO, Plaintiff-Appellee,

v.

The LONG ISLAND RAILROAD CO., Defendant-Appellant.

No. 136, Docket 31553.

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1967.

Decided Dec. 7, 1967.

Peter M. J. Reilly, Henry J. O'Hagan, Edward G. Dougherty, New York City, for plaintff-appellee.

William A. Blank, Brooklyn, N. Y., Donald I. Laventhall, New York City, George M. Onken, Jamaica, N. Y., for defendant-appellant.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

Plaintiff, a car repairman employed by defendant, was accidentally injured when a sliver of metal flew into his eye. Plaintiff and three other employees of defendant had finished hanging a vestibule door in one of defendant's cars. Plaintiff had turned away when, without warning plaintiff thereof, one of the other three began to hammer a chisel in order to knock off some corroded metal at the bottom of the door. Plaintiff turned at the sound of the hammering and the metal sliver, projected into the air from the hammering, became embedded in his eye.

Plaintiff brought suit under the Federal Employers' Liability Act and trial was had to a jury. At the close of plaintiff's case and at the close of all the evidence the defendant railroad moved for a directed verdict in its favor. The case was submitted to the jury, and after verdict for plaintiff, defendant renewed these motions and also moved for judgment notwithstanding the verdict. These motions were denied, and from their denial and from the judgment entered upon the jury verdict for plaintiff this appeal was taken. We affirm the judgment below.

The questions the court submitted to the jury were whether under the circumstances of the case the defendant had provided the plaintiff a safe place within which to work, whether the tools furnished were defective, whether the manner in which the plaintiff's fellow-employee performed his work and whether the failure to warn plaintiff of the contemplated hammering of the chisel was negligent—and that if any negligence was found the negligence had to be a proximate cause of the eye injury.

The defendant maintains that plaintiff introduced no evidence of the defendant's negligence and that the issue of whether the tools furnished were defective should not have been submitted to the jury because there was no proof that any were. The penetrating sliver may or may not have been chipped off a defective chisel, but the railroad cannot be heard to complain if the jury adopted inferences unfavorable to it, for the chisel remained in the custody of the railroad and was tagged as the chisel involved in the Marzano injury, but prior to trial was discarded and was not available to be shown to the jury, and, moreover, the employee of the railroad who had custody of the

chisel, though available, was never produced in court, either. See Rogers v. Missouri P. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Dennis v. Denver & Rio Grande Western Railroad Company, 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963); Schulz v. Pennsylvania R. R. Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956); Chicago, Rock Island & P. R. R. Co. v. Melcher, 333 F.2d 996, 999 (8 Cir. 1964), with reference to permissible jury inferences as to an employer's negligence in FELA cases.