Curtis COLLUM, Plaintiff,

v.

Frank A. BUTLER, James Hand and James Wooten, Defendants.

No. 65 C 2199.

United States District Court
N. D. Illinois, E. D.
Sept. 11, 1968.

Milton K. Joseph, Chicago, Ill., for plaintiff.

Raymond F. Simon, Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER ON POST-TRIAL MOTIONS

ROBSON, District Judge.

The defendants, after a trial on the merits, have moved for a judgment notwithstanding the verdict, for a new trial, and for a remittitur or, in the alternative, a new trial. This court has already considered and ruled upon (before or during trial) the points contained in the motion for a judgment notwithstanding the verdict, and in the motion for new trial. The one remaining question is that of remittitur, or, in the alternative, the granting of a new trial.

This cause of action arose as a result of the arrest of the plaintiff on December 27, 1960, for drunken driving, resisting arrest and speeding. It is undisputed that he was convicted by a jury of drunken driving, pleaded guilty to the resisting arrest charge, and was acquitted of the charge of speeding. The actual damages claimed by the plaintiff were $95 in hospital and doctor bills and the loss of one month's wages. No evidence was introduced as to the amount of these wages but counsel have agreed that they would be approximately $650. There was no permanent injury. No punitive damages were asked. The arrest was proper and the jury's verdict covered the alleged beating of the plaintiff and the alleged refusal of the police officers to allow the plaintiff to make a telephone call. The court, after considering all of the factors in this case, is of the opinion that the verdict is excessive and a remittitur should be granted.

Remittitur, or in the alternative, a new trial, is within the sound discretion of the trial court, as part of its power to grant a new trial under Rule 59. 6A Moore, Federal Practice ¶ 59.05[3] (2d ed. 1965); Fiedler v. Chicago & Northwestern Ry. Co., 204 F.2d 515, 520 (7th Cir. 1953). The question that this court must answer is whether a jury verdict in a civil rights case is to be treated any differently than a verdict in an ordinary civil case, and whether this verdict of $17,500 should stand, even if there is a different standard for such civil rights cases.

In the ordinary civil case, there must be

"due regard for the jury's primary responsibility to fix the amount of damages. [But that] * * * [t]he ultimate responsibility rests with the trial judge who may set a verdict aside. His power to set aside a verdict as excessive implies that he has a duty to do so when he conscientiously believes that the jury has exceeded the bounds of propriety. This duty should not be avoided." Dellaripa v. The New York, New Haven & Hartford R.R. Co., 257 F.2d 733, 735 (2nd Cir. 1958).

In the civil rights case, however, the jury's verdict is entitled to more weight than in the ordinary case, because of the inherent difficulty in giving such rights a dollar value. The Third Circuit Court of Appeals gave expression to this difficulty in Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965), a case involving false arrest and false imprisonment. The court there said, at 88:

" 'In the eyes of the law this right [to vote] is so valuable that damages are presumed from the wrongful deprivation of it without evidence of actual loss of money, property, or any other valuable thing, and *the amount of damages is a question peculiarly appropriate for the determination of the jury,* because each member of the jury has personal knowledge of the value of the right.', [Wayne v. Venable, 260 F. 64, 66 (8th Cir. 1919)] citing Scott v. Donald, 165 U.S. [58] 89 [17 S.Ct. 265, 41 L.Ed. 632] * * * (1897) and Wiley

v. Sinkler, 179 U.S. 58, [21 S.Ct. 17, 45 L.Ed. 84] * * * (1900). While a deprivation of a right to vote and deprivation of personal liberty caused by an illegal arrest and wrongful incarceration are, of course, not identical, nonetheless the decisions cited above provide a useful and persuasive analogy." (Emphasis added.)

Even given this principle that the jury's verdict is entitled to more weight than a verdict in an ordinary civil case, the judge still has the discretion to set aside a verdict as excessive if it "shocks the judicial conscience." Morgan v. Labiak, 368 F.2d 338 (10th Cir. 1966). A look at two civil rights cases where the awards were substantially less than the verdict in this case, supports this court's conclusion that its judicial conscience has been sufficiently "shocked" to require a remittitur.

In Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958), the plaintiff had been pistol-whipped, beaten, falsely arrested, falsely accused of drunkenness, and unlawfully jailed. There was also a question of the aggravation of the plaintiff's prior injuries. The court there sustained a verdict of $5,000, saying that it was a "reasonable finding, fully supported by the evidence in the record." Id., at 7. The court implied that if it had found the $5,000 verdict excessive and "unreasonable," there would have been little hesitation in requiring a remittutur.

The other case involved two boys who were beaten, subjected to an unconstitutional search and seizure, and denied the right to telephone their lawyer (for 45 minutes to one and one-half hours). McArthur v. Pennington, 253 F.Supp. 420, 430 (E.D.Tenn.1963). The two boys presented evidence that they suffered (at the most) $3400 each in out-of-pocket expenses, including certain legal fees. The court there sustained an award of $5,100 each. Both *McArthur* and *Jackson*, supra, have factual situations which, in this court's opinion, would call for a higher award than the facts in this case. In both cases, however, the awards were substantially less than the jury's verdict here.

 Given the facts of this case as outlined above, even taking into account the heavier weight that the jury's verdict is to be accorded in a civil rights case, this court is of the opinion that the jury's award of $17,500 is so excessive, unreasonable, and unsupported by the record, that it "shocks" this court's judicial conscience. In line with this attitude, this court believes that a remittitur in the amount of $11,500, or in the alternative, a new trial, is necessary.

It is therefore ordered that a remittitur in the amount of $11,500, or in the alternative, a new trial, be and it is hereby granted.

It is further ordered that the plaintiff is granted ten (10) days from the date of this order to accept or reject the remittitur.