This is an appeal from a personal injury action under the Federal Employer's Liability Act (FELA).
Plaintiff, Michael G. Brown, brought this action against Seaboard, alleging that he was injured on June 14, 1979, as a result of Seaboard's negligence. Seaboard denied all allegations set forth in the complaint and raised the affirmative defense of contributory negligence.
The facts indicate that Brown was employed as a trackman with Seaboard in Lakeland, Florida. On June 14, 1979, Brown's supervisor, Jack Newsome, came to the worksite in a company pickup truck. Newsome got out of the truck to speak with the crew. The vehicle began rolling backwards and Brown apparently attempted to halt the moving vehicle. Brown was ultimately pinned between the pick-up truck and another railroad truck.
The extent of injury to Brown as a result of the accident was the subject of much controversy at trial. Conflicting medical evidence was presented as to whether the injuries were permanent and/or debilitating. Brown claimed that he suffered a severe groin injury and permanent damage to his back which subsequently required him to undergo disc surgery. Seaboard, on the other hand, argued that the medical evidence indicated that Brown had not suffered severe or permanent injuries and that he was fully able to seek gainful employment.
The jury heard the controverted evidence and returned a verdict in favor of Brown for $12,000.00. After his motion for new trial was denied, Brown appealed.
Initially, Brown contends that the trial court committed reversible error by excluding evidence of a statement made at a Seaboard safety meeting.
Prior to trial, Seaboard filed a motion in limine requesting an order directing Brown's attorneys to refrain from making statements or eliciting testimony regarding any statements made by an agent, officer, or employee of Seaboard at any safety meeting regarding the cause or reason for the accident which allegedly resulted in Brown's injuries.
The trial judge granted the motion in limine, but indicated that the testimony might later be admissible if it appeared during the trial that the evidence was material.
In order to encourage the court to change its previous ruling, Brown's attorney made an offer of proof during trial, by questioning a co-employee named Robert Fuller. The pertinent portions of the testimony are set forth as follows:
 "Q. Now, at the safety meeting, did Mr. Newsome say anything?
"A. Yes, he did.
"Q. Would you please tell me what was said?
 "A. He said that because of his carelessness in failing to have the brakes checked on the truck that man had got hurt earlier that day.
"Q. And what was he referring to?
"A. To the incident with Michael Brown."
Brown argues that the exclusion of this evidence precluded him from fully developing his theory of negligence against Seaboard and prevented the jury from considering the condition of the brakes and the reasonableness of inspection efforts as indicia of the degree of Seaboard's negligence.
Since this action was brought pursuant to the Federal Employers' Liability Act, the doctrine of comparative negligence rather than contributory negligence is the applicable law. Rogers v. Chicago Northwestern Transp. Co.,59 Ill. App.3d 911, *Page 1024 
16 Ill.Dec. 845, 375 N.E.2d 952 (1978). Under 45 U.S.C. § 53, contributory negligence does not bar the injured worker's recovery, but may diminish the award in proportion to the fault attributable to the plaintiff. Hval v. Southern Pacific Transp.Co., 39 Or. App. 479, 592 P.2d 1046 (1979). The jury is entitled to consider all of the evidence of negligence of either party and "to fix the quantity and quality of that negligence in its relation to the sum total of the negligence of both parties."Sears v. Southern Pacific Co., 313 F.2d 498, 502 (9th Cir. 1963).
Brown argues that since the excluded testimony was crucial to prove the quantum of Seaboard's negligence, the jury's verdict was clearly affected by the trial court's adverse ruling on its admissibility.
Without going into a discussion on the admissibility of the evidence, we can say that we are not persuaded that its exclusion constituted prejudicial error. Rule 45, A.R.A.P. In the instant case, any error, if at all, in the trial court's exclusion of Robert Fuller's testimony was harmless, since all of the evidence contained therein was otherwise admitted.Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala. 1983).
Mr. Newsome testified as an adverse witness concerning the adjustment of the brakes on the truck:
 "Q: Now, Mr. Newsome, didn't you make a statement on the day of Mr. Brown's injury that you didn't push the brake pedal down far enough, the emergency brake pedal down far enough for the location you were at?
 "A. I said apparently I didn't push it far enough since the truck moved.
 "Q. And you said that, I didn't apply the emergency brake strong enough. It might not have been adjusted as far as it should have been; is that right?
 "A. No. I don't believe I said adjusted. It may not have been in the area of adjustment. You generally adjust the emergency brake pedal where you like it, half way or low or what. It may have not been —
 "Q. You didn't think you said adjust; is that right? You didn't use the word adjusted? Let me ask you this. Do you recall being deposed back about a year ago, take a deposition?
"A. Yes, sir.
 "Q. And on page twenty-nine and page thirty, do you remember giving this statement? I said apparently it appears that I did not apply my emergency brakes strong enough, and I could have said it might have not been adjusted as far as I am used to, or something like that.
 "MR. QUILLEN: Your Honor, I object to that. What he is reading is concerning a statement made in another context and not a statement made in the deposition in answer to a direct question.
 "THE COURT: Well, I'm going to overrule, Mike. Give you an exception.
"Q. Do you remember making that statement?
"A. Apparently I made it. It's there."
Additionally, Mann Allen, the assistant roadmaster at Seaboard, testified that the brakes on the pick-up truck were adjusted two to three weeks after the accident:
 "Q. You talked to Mr. Newsome about this accident? You asked Mr. Newsome — you talked to Mr. Newsome about this accident after it occurred, didn't you?
"A. I didn't talk to him about it.
"Q. Well, did he talk to you about it?
 "A. Yes. He said that he look [sic] at the brakes to see what in the world was wrong with them, see if anything was wrong.
 "Q. He said better look at the brakes and see if something was wrong with them?
"A. Yes, sir.
 "Q. Did you check the brakes the day the accident occurred?
"A. No, sir.
"Q. Did Mr. Newsome check the brakes that day?
"A. No, sir. *Page 1025 
 "Q. Did anybody with the railroad, to your knowledge, check the brakes the day the accident occurred?
"A. No, sir.
 "Q. How long after the accident occurred were the brakes checked?
"A. Probably two or three weeks.
"Q. Two or three weeks. Who checked them?
"A. I did.
"Q. What did you do?
 "A. I tightened up the cables a little bit. Just a very little bit.
"Q. Tightened the cables up on the emergency brake?
"A. For the emergency brake."
Clearly, the jury heard evidence that Newsome did not check the brakes on the day of the accident, and that the brakes were subsequently adjusted. Accordingly, the evidence excluded by the granting of the motion in limine and disclosed by the offer of proof, would not have established any additional acts of negligence on the part of Seaboard or any greater degree of negligence, so as to justify our finding that Brown was prejudiced.
Brown's second issue is whether the trial court erred in denying a new trial to plaintiff because of the inadequacy of the verdict.
The general rule is that a jury verdict is presumed correct and will not be set aside on grounds of excessiveness or inadequacy unless the amount is so excessive or inadequate as to affirmatively indicate that the verdict was the result of passion, bias, prejudice, or improper motive. Spears v. Bishop,339 So.2d 75 (Ala.Civ.App. 1976).
In FELA cases, so long as there is an evidentiary basis to support the jury's verdict, the jury is free to determine which of the conflicting evidence is more credible. Dennis v. Denver R.G. Western R. Co., 375 U.S. 208, 84 S.Ct. 291,11 L.Ed.2d 256 (1963).
In the instant case, there was sufficient evidence from which the jury could have found that Brown's injuries were not severe or permanent. The medical evidence in this case was in conflict. There was a great degree of dispute as to the extent and the nature of injury to Brown as a result of the accident. After reviewing all of the evidence, we cannot conclude that the verdict was wrong or unjust.
Accordingly, the judgment below is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.