HOLMES, Presiding Judge.
This is a Federal Employers’ Liability Act (FELA) case. 45 U.S.C. §§ 51-60 (1982).
Williams sued his employer, Illinois Central Gulf Railroad Company (ICG), asserting negligence on the part of ICG which resulted in injuries to Williams. ICG denied liability and alternatively asserted Williams’s contributory negligence as a defense to its liability. The jury returned a general verdict in favor of Williams in the amount of one dollar ($1). Williams filed a motion for a new trial based on inadequacy of damages, which was denied. Williams, through able and distinguished counsel, appeals, and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in denying Williams’s motion for a new trial.
The pertinent facts as revealed by the record are as follows: Williams was employed as a head brakeman with’ICG at the time of his injury. At approximately 10 P.M. on December 4, 1985, Williams was *439 attempting to “throw” a track switch (a heavy steel device used to allow trains to move from one track to another). After Williams had unlocked the track switch, he grabbed the handle of the switch and attempted to turn or “throw” the switch. When he pulled on the handle, Williams’s hands slipped off and he fell backwards. After he fell, Williams noticed grease covering his gloves and the switch handle.
Williams completed his work for the night and prepared an accident report. On the report the cause of the accident was listed as “handle on switch was heavily greased.” Further, the report stated that the equipment was defective “because of excessive grease on handle of switch.” The record also indicates that the handle was hard to turn.
The record further reveals testimony that the grease on the handle was not the type the railroad used to lubricate switches and that the switch appeared to have been vandalized. Additionally, there was testimony that it is the responsibility of the men working to inspect the equipment and tools that they work with to be sure that they are safe to use.
We are governed in this case by the decisions of the federal courts. See cases cited in Kite v. Louisville & Nashville Railroad Co., 508 So.2d 1172 (Ala.Civ.App. 1986).
Additionally, we are to presume that the jury verdict here is correct, and we will not set it aside unless the verdict is the result of passion, prejudice, or improper motive. Brown v. Seaboard Coast Line Railroad Co., 473 So.2d 1022 (Ala.1985).
The only issue we must address in this instance pertains to the amount of the award. However, the question is not whether we think the award was low, but whether the trial court abused its discretion in denying Williams’s motion for a new trial. Porterfield v. Burlington Northern, Inc., 534 F.2d 142 (9th Cir.1976). Williams has a substantial burden to demonstrate that the trial court’s discretion was abused. Porterfield, 534 F.2d 142.
After a careful review of the record, we conclude that Williams has not met this burden.
First, we note that damages frequently depend upon whether the jury believes the plaintiff (here Williams). Juries are not required to believe every expression of opinion by an expert or any other witness. Hall v. Texas & New Orleans Railway Co., 307 F.2d 875 (5th Cir.1962). The jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. Dennis v. Denver & Rio Grande Western Railroad Co., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963). Further, we point out that the ultimate damages depend on the degree of negligence Williams may have contributed to the whole accident as compared with that of ICG.
Title 45 U.S.C. § 53, in part, provides that “the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.”
Here, both the negligence of ICG and the contributory negligence of Williams were hotly contested at trial. ICG’s contributory negligence defense was based on Williams’s failure to discover grease on the handle of the switch before he attempted to throw it. ICG introduced evidence that Williams had a duty imposed by railroad rules to examine the switch before he attempted to throw it. Further, Williams made no contention that he had an inadequate opportunity to inspect the switch handle.
Because the verdict here is a general one, we do not know what percentage of the negligence causing the accident the jury allotted to Williams. Certainly, it would appear that the jury found Williams’s negligence substantial, and such is supported by the evidence. It is well within the province of the jury to conclude that Williams fell simply because his hands slipped and that Williams was guilty of contributory negligence in his failure to examine the switch handle. In other *440 words, the jury could have concluded from the evidence that, although ICG was negligent, Williams failed to inspect the equipment before he used it and was, therefore, also negligent. We also note that the evidence before the jury could have supported a finding of no negligence on ICG’s part. Therefore, the jury’s conclusion of substantial negligence on Williams’s part is certainly not error.
In view of the above, we cannot say that the trial court abused its discretion in denying Williams’s motion for a new trial. This is especially true in light of the presumption of correctness accorded a jury verdict.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
ROBERTSON, J., dissents.