733 So.2d 155 (1999)
Kwame O. E'TEIF
v.
NATIONAL RAILROAD PASSENGER CORPORATION d/b/a Amtrak.
No. 98-CA-2503.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1999.
*156 Wendell Gauthier, James R. Dugan, II, Glen Woods, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, Louisiana, and Art Sadin, Bristol Baxley, Youngdahl & Sardin, Friendswood, Texas, Attorneys for Plaintiff/Appellee.
David S. Kelly, Robert S. Emmett, Lemle & Kelleher, New Orleans, Louisiana, Attorneys for Defendant/Appellant.
Court composed of Judge MOON LANDRIEU, Judge JAMES F. McKAY III, Judge JAMES A. GRAY II.
McKAY, Judge.
This is an appeal from a trial court's finding of liability and awarding of damages in a FELA action. We affirm.

FACTS AND PROCEDURAL HISTORY
On April 12, 1995, plaintiff/appellee, Kwame E'Teif, was working as a food specialist on an Amtrak train traveling from Miami to New Orleans. Mr. E'Teif was injured when he slipped on a wet floor and fell halfway down a flight of steel stairs. During the fall, Mr. E'Teif injured his upper and lower back, head, ankle, knee, shoulders, and wrist.[1]
On the day of the accident, Mr. E'Teif believed he had finished his duties and had returned to his quarters when he was paged to return to the dining car to wash some dishes. Upon his return to the dining car, Mr. E'Teif proceeded to the pantry where he found the dirty dishes loaded in the dumbwaiter. Mr. E'Teif sent the dumbwaiter to the galley and then made his way to the stairs. However, before he made it, he slipped and fell on the wet floor and fell down the stairs. The floor had been wet mopped by another Amtrak employee while Mr. E'Teif was away from the dining car. The lights in the pantry had been turned off and no signs warning of the wet floor had been posted.[2]
At the time of the accident, Mr. E'Teif was 49 years old and earned about $29,000.00 a year working for Amtrak. He had worked for Amtrak since 1986 and had worked in restaurants most of his life. Mr. E'Teif had earned bachelors degrees in business administration and photography from Wayne State University and had attended several culinary arts schools. As *157 a result of the accident, Mr. E'Teif has undergone surgery on his left knee and open shoulder surgery in which two steel pins were inserted into his shoulder. A second knee surgery may be necessary.
Plaintiff brought suit against Amtrak subject to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. The case was tried before a jury. The jury found defendant negligent and 100% at fault. Plaintiff was awarded $31,248.00 for past medical expenses, $11,000.00 for future medical expenses, $85,133.00 for past lost wages, $400,000.00 for future lost wages and benefits, and $215,000.00 for general damages. The defendant moved for Judgment Notwithstanding the Verdict (JNOV), which the trial court denied and now appeals this judgment.

ISSUES
The issues presented in this appeal are: 1) whether there was probative evidence to support the jury's award for loss of future earning capacity; 2) whether the jury erred in awarding plaintiff $31,248.00 for past medical treatment; 3) whether the trial court erred in not instructing the jury that special damages, including loss of future earnings, were not subject to federal income tax; and 4) whether the jury erred in not finding the plaintiff was contributorily negligent.

STANDARD OF REVIEW
In FELA actions brought in state court, federal substantive law applies. However, state rules of procedure apply in state court. St. Louis Southwestern Ry. v. Dickerson, 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985). Accordingly, state courts are governed by federal law in determining whether the evidence is sufficient to support a jury's verdict. Dufour v. Union Pacific R.R., 610 So.2d 843 846 (La.App. 1 Cir.1992), aff'd, 614 So.2d 1263 (La.1993) citing Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63, 66-67 (1971). Ellender v. Texaco, Inc., 425 So.2d 291, 294 (La.App. 3 Cir.1982).[3] The United States Supreme Court has stated that the standard for reviewing whether a FELA plaintiff's evidence is sufficient to support the jury's verdict is whether, viewing the evidence in the light most favorable to the plaintiff, there is a "complete absence of probative facts to support the conclusion reached by the jury." Dennis v. Denver & Rio Grande Western R.R. Co., 375 U.S. 208, 210, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963). Brady v. Southern R.R., 320 U.S. 476, 479, 64 S.Ct. 232, 88 L.Ed. 239 (1943). Rogers v. Missouri Pacific R.R.Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957).
The appellate courts of this state have afforded great weight to jury verdicts in FELA cases. The First and Second Circuits have required a "complete absence of probative facts" before disturbing a jury's award. Dufour, 610 So.2d at 846. Broussard v. Union Pacific R.R., 29,769, 29,770, and 29,768 (La.App. 2 Cir. 8/28/97), 700 So.2d 542, 548. Our own Court has required that there be clear abuse of the jury's "much discretion." Jackson v. CSX Transp., Inc., 97-0109 (La.App. 4 Cir. 12/23/97) 712 So.2d 514, 522. writs denied, 98-0417 and 98-0418 (La.4/3/98), 717 So.2d 1130, Certiorari denied, ___ U.S. ___, 119 S.Ct. 166, 142 L.Ed.2d 136 (1998). On the subject of jury verdicts in these types of cases, the Louisiana Supreme Court has held:
They must stand unless there is no evidence to sustain them, rendering them, as some courts have put it, so excessive as to be obviously punitive, motivated by prejudice, passion, partiality, or corruption. This is particularly true where the trial judge, finding the jury award is not excessive, has denied a new trial and/or remittitur.
Trahan, 255 So.2d at 70.

LOSS OF FUTURE EARNING CAPACITY
The proper measure of damages under the FELA is inseparably connected *158 with the right of action. Accordingly, it is an issue of substance that must be settled according to the general principles of law as applied by the federal courts. Monessen Southwestern Ry. v. Morgan, 486 U.S. 330, 335, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988). Chesapeake & Ohio Ry. Co. v. Kelly L.R.A., 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916). Shaw v. Texas and Pacific Ry. Co., 170 So.2d 874, 879 (La.App. 4 Cir.1965). If the railroad's negligence played any part, no matter how small, in causing an employee's injury then the railroad is liable for the resulting damages. Rogers, 352 U.S. at 508, 77 S.Ct. 443. In the case sub judice, Mr. E'Teifs injuries were caused by the negligence of a fellow Amtrak employee who wet mopped the floor in the pantry area of the dining car and then turned off the lights. Amtrak also failed to provide any signs that warned of the wet floor. As a result of the accident, Mr. E'Teif has undergone two surgeries and may undergo a third.
At the time of the accident he was earning approximately $29,000.00 a year. His employment history has been entirely in the food service industry since he was eleven years old. The jury awarded Mr. E'Teif $400,000.00 for loss of future earning capacity. In a FELA case, a jury can award any amount for loss of future earning capacity so long as probative facts support their finding. Dufour, 610 So.2d at 846. In the instant case, both lay and expert witnesses testified concerning Mr. E'Teifs injuries and loss of earning capacity. These probative facts were sufficient to support the jury's award for loss of future earning capacity. Accordingly, we must affirm this portion of the jury's verdict.

PAST MEDICAL TREATMENT
Medical expenses are a recoverable element of damages under the FELA. Tingstrom v. Smith, 630 So.2d 257, 263 (La.App. 1 Cir.1993). The expenses may be proved by introducing the bills themselves or presenting testimony as to the amount of the bills.
At trial, plaintiff established through testimony and medical bills admitted into evidence that he had incurred past medical expenses of $31,248.00. No objection to this evidence was made by defendant. Defendant also failed to present any evidence as to whether it had paid any of plaintiff's medical bills entitling it to an offset.
The method of proving the amount of medical bills already paid by a defendant or a third party is a procedural matter governed by Louisiana law. According to Louisiana Code of Civil Procedure article 1005, the defendant has the burden of pleading and proving extinguishment of an obligation to pay. Defendant failed to meet this burden. Accordingly, we must affirm the jury's award of past medical expenses.

JURY INSTRUCTIONS
Defendant contends that the trial court erred in failing to instruct the jury that special damage awards are not subject to federal income tax. However, defendant failed to object to this charge until after it was read to the jury thereby preventing the court or opposing party from correcting any perceived error.
This issue is addressed in Groves v. Illinois Cent. Gulf R.R.Co., 563 So.2d 496 (La.App. 4 Cir.1990), writ denied, 568 So.2d 1083 (La.1990). In that case, the jury returned an award of $250,000.00. The award was not divided into general and special damages. Prior to trial, defendant had requested instructions on present value. However, at the charge conference defense counsel failed to object to the omission of a present value instruction. This Court denied defendant's appeal. One of this Court's rationales was defendant's failure to object to the omission at the charge conference. Id. at 502.
In any event, after a careful review of the record, we cannot find that the jury failed to take into account the fact that plaintiffs award was not subject to federal income tax. Therefore, even if the trial *159 court had erred in instructing the jury in this matter, it would be harmless.

CONTRIBUTORY NEGLIGENCE
The defendant's final assignment of error is that the jury erred in failing to find that plaintiff was contributorily negligent. Although contributory negligence is not a bar to recovery, damages are reduced by the percentage of the injured worker's negligence. 45 U.S.C. § 53. However, an employee cannot be faulted, nor have his damages reduced, merely because he worked at an unsafe job when the defendant railroad itself created the risk of injury. Birchem v. Burlington Northern R.R.Co., 812 F.2d 1047, 1049 (8th Cir.1987).
In the instant case, Mr. E'Teif was instructed to go into the pantry area by a supervisor. The lights were turned off and the floor had just been mopped. No one had warned Mr. E'Teif about the wet floor. Mr. E'Teif then slipped and fell down the stairs. The jury found that Amtrak was negligent and assigned no contributory negligence to the plaintiff. We find no error in the jury's findings. Accordingly, we must affirm this portion of the jury's verdict.

CONCLUSION
For the forgoing reasons, we find that the court and jury did not err in this case. Accordingly, we affirm.
AFFIRMED.
NOTES
[1] The dining car on which Mr. E'Teif worked consisted of two levels, a lower level which contained the galley or kitchen and an upper level which contained a serving area and a pantry where a dumbwaiter was located. The upper level also served as a passageway through the car. Mr. E'Teif worked in the galley and was not all that familiar with the setup of the upper level.
[2] Mr. E'Teif did not know where the light switch was located.
[3] Because some of these are Jones Act cases, we note that the rights of seamen against their employer under the Jones Act are the same as those enjoyed by railroad employees under the FELA. Roy Crook and Sons, Inc. v. Allen, 778 F.2d 1037, 1038 (5th Cir.1985).